“This military pay case comes before the court on defendant’s motion to dismiss filed September 7,1976.
“Plaintiff was commissioned a second lieutenant in the Army Signal Corps in May 1942 and separated from active duty in December 1945. He was retired as a Major in the United States Air Force Reserve as of July 1, 1970, and alleges that he will be eligible to receive retirement pay as of June 4, 1980. Plaintiff also alleges that during the period between September 1962 and July 1970, he received Officer Effectiveness Reports (OERs) prepared by an officer junior to him in grade and rank, which OERs were libelous, maliciously untrue and prepared with intent to defame plaintiff’s duty performance, his character and personal appearance; that as a result of these OERs he was not promoted to lieutenant colonel in March 1969; that the OERs were removed from his file by order of the Secretary of the Air Force, but that he was again denied promotion in 1970 because there were no OERs in his file for his last 2 years of satisfactory service in the Air Force Reserve. Plaintiff seeks judgment for damages in the amount of $250,000.
“Defendant has moved to dismiss the petition on several grounds, and while plaintiff’s petition is understandably deficient because he is a 'layman attempting to represent himself, plaintiff has filed a response in which he has attempted to persuade the court to deny defendant’s motion to dismiss. In its motion, defendant first argues that plaintiff’s claim for damages on the ground of allegedly malicious and libelous OERs is a claim sounding in tort, upon which no relief can be granted. This contention is plainly correct, and in his response, plaintiff now disclaims any right to recover for tortious actions.
“Citing United States v. Testan, 424 U.S. 392 (1976), the defendant next argues that since plaintiff will not be eligible to receive any retirement pay in his retired grade of major until May 1980, his petition must be dismissed because he has no claim for ‘actual, presently due money damages from the *557 United States.’ In bis response plaintiff counters with the allegation that 'had he not been retired in 1970, he would have earned active duty pay on active duty tours over a period of about 6 years prior to the filing of his petition. He also asserts that if he recovers, he will be entitled to the retirement pay of a colonel, discounted at the present value. This latter contention must be rejected, ¡but the court feels that plaintiff should be given an opportunity to amend his petition to assert a claim for the amount he would have received for active duty tours between 1970 and 1976.
“The third ground on which defendant’s motion is based is that plaintiff’s claim is barred by the equitable doctrine of laches. In his response, plaintiff apparently contends that laches should not apply because of assurances he received from Air Force officers that laches would not apply to his claim until 6 years after his retirement. This contention should be supported by more complete allegations in a petition.
“In view of the foregoing, IT IS ORDERED that plaintiff shall have 45 days from this date within which to file an amended petition in which he shall set forth more specifically his claim with respect to the following:
“(1) Whether with respect to the two sets of OERs there, was a violation of any valid regulation or published procedure of the Air Force, and if so, a reference to the particular regulation and a statement of the manner in which it was allegedly violated;
“(2) a statement of the approximate amount per year plaintiff would have been paid through active duty tours had he not been retired and remained on duty from 1970 to 1976, and
“(3) a detailed statement of the representations plaintiff relies on to defeat the defense of laches, including a chronological statement of the events relied upon and the names and official positions of the persons making the representations.
“it is further ordered that defendant’s motion to dismiss is denied without prejudice to its right to renewal of the motion if it elects to do so after the filing of plaintiff’s amended petition, instead of filing an answer.” ,